## CECIL FOSTER V. STATE.

No. 26,653. November 25, 1953.

*Joe S. Moss,* Post, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES. Presiding Judge.

Appellant was charged with the unlawful possession of intoxicating liquor for the purpose of sale in a dry area; and two further prior offenses were alleged for the purpose of the enhancement of the punishment. On the trial before a jury he was found guilty and his punishment was assessed at a fine of $1,000.00 and 365 days in jail.

Two witnesses were presented by the state and none were introduced by the appellant. It was shown by the testimony these witnesses that a car was found in the driveway of the appellant's home which contained a large quantity of intoxicating liquor. This matter was reported to the sheriff, who came to the scene, summoned the appellant from his home and questioned him regarding this liquor. The sheriff requested the keys to the car and appellant replied that it was not his car; that it belonged to Bob Pennell, and that he (appellant) did not have the keys thereto. The sheriff then had Bob Pennell brought to the scene, who testified that it was his car but that he did not have the keys but that appellant had them. However, this fact was

denied by the appellant. The car was then towed to the courthouse where Pennell opened the car and 25 cases of beer were found therein.

It was also shown that appellant had been convicted on the two prior occasions set forth in the pleadings.

It appears that the crucial question presented herein is whether or not these intoxicants belonged to the appellant or to Bob Pennell. The court wrote a comprehensive charge relative to this matter, and in Paragraph 10 thereof, in dealing with the appellant's defense which doubtless had been brought forward by his attorney's examination of the two state's witnesses, the court instructed as follows:

"Paragraph 10. You are further charged that the defendant has introduced evidence to the effect that the beer in question was owned and possessed exclusively by one Bob Pennell. Now, if you believe that the said beer in question was owned and possessed by the said Bob Pennell, you will acquit the defendant and say by your verdict 'not guilty'."

Appellant's attorney, at the proper time, filed objections and exceptions to Paragraph 10, alleging as follows:

"It is a charge on the weight of the evidence, assumes facts to be true which are not true as a matter of law, and improperly places the burden of proof on the defendant to show that Bob Pennell owned the beer and possessed the beer, when in truth and in fact the State should have the burden of showing that Bob Pennell did not own or possess the said beer."

We think that appellant is correct in his claim that Paragraph 10 of said charge places upon the appellant the burden of proving his innocence and requires him to show that these intoxicants were possessed exclusively by one Bob Pennell, and further, that the jury should believe absolutely such possession by Bob Pennell before the appellant could be acquitted.

Because of the error mentioned, we think this case should be reversed and remanded, and it is so ordered.